IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
Frankfort Division

JOHN ROSEMOND,

    Plaintiff,

v.

JACK CONWAY, *ET AL.*,

    Defendants.

Civil Action No.

## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### EXPEDITED HEARING ON PRELIMINARY INJUNCTION REQUESTED BY AUGUST 2, 2013

Plaintiff John Rosemond, a syndicated newspaper columnist, respectfully moves this Court, under Federal Rule of Civil Procedure 65, for a temporary restraining order and a preliminary injunction enjoining Defendant Kentucky Attorney General and Defendant members of the Kentucky Board of Examiners of Psychology from following through on threats they have made to enforce Kentucky's Psychology Practice Act, Ky. Rev. Stat. §§ 319.005 *et seq.*, against Plaintiff Rosemond for statements he has made and intends to make again in his newspaper column. Because Plaintiff Rosemond has already been threatened with enforcement, and because his column runs weekly in newspapers throughout Kentucky, Plaintiff requests that this court immediately issue a temporary restraining order against Defendants and schedule an expedited hearing regarding his motion for preliminary injunction by August 2, 2013. Without these injunctions, Plaintiff Rosemond will suffer irreparable harm to his First Amendment rights.

In support of this motion, and as more fully set forth in Plaintiff's accompanying memorandum of law and verified complaint, Plaintiff states the following:

1. Plaintiff John Rosemond is a 65-year-old resident of North Carolina. He is also a North Carolina-licensed psychologist and a syndicated newspaper columnist. His column, which he has written for 37 years, appears in over 200 newspapers nationwide. Verified Compl. ¶¶ 9-10, 19-22.

2. On February 12, 2013, an advice column written by Plaintiff Rosemond appeared in the *Lexington Herald-Leader*. In response to that column, on May 7, 2013, the office of the Defendant Kentucky Attorney General, acting on behalf of the Defendant members of the Kentucky Board of Examiners of Psychology, sent Plaintiff Rosemond a letter stating that the Board had determined that his newspaper column "was a psychological service to the general public, which constituted the practice of psychology as defined by [Ky. Rev. Stat. §] 319.010(7)." The letter further stated that "[b]ased upon the Board's review of this matter, the Board has concluded that you are engaged in the unlawful practice of psychology in Kentucky." Verified Compl. ¶¶ 40-43, 46 & Ex. A.

3. In addition to these alleged violations, the letter stated that the description of Plaintiff Rosemond in the tagline of his column as a "family psychologist" was illegal because Plaintiff Rosemond is not a *Kentucky-licensed* psychologist. Verified Compl. ¶¶ 44-45 & Ex. A.

4. The letter instructed Plaintiff Rosemond to sign a "Cease and Desist Affidavit and Assurance of Voluntary Compliance" and threatened that failure to sign could result in "further legal action." Verified Compl. ¶¶ 47, 49 & Ex. A.

5. The unlicensed practice of psychology and the unlawful use of the title "psychologist" are both crimes in Kentucky that are punishable by up to six months in jail or $500 in fines per occurrence. Verified Compl. ¶ 77.

6. Plaintiff Rosemond wishes to continue publishing his column in Kentucky and throughout the country. He also wishes to continue describing himself as a "family psychologist," a title that accurately describes his occupation and that he is legally permitted to use under the laws of North Carolina. Verified Compl. ¶¶ 10, 89.

7. Plaintiff Rosemond's column runs weekly in major newspapers across the country, including in Kentucky in the *Lexington Herald-Leader*, the *Paducah Sun*, and the *Danville Advocate-Messenger*. Defendants threatened legal action against him if, by May 30, 2013, he did not voluntarily sign a cease-and-desist order that would have effectively required him to cease running his column in Kentucky. Because he did not understand his rights and does not want his column to be illegal in Kentucky, Plaintiff Rosemond asked Defendants for 45 additional days in which to respond. Verified Compl. ¶¶ 22, 47, 50-52, 64 & Ex. A.

8. Defendants did not respond to Plaintiff Rosemond's request for additional time and, in any event, those 45 days expired yesterday, July 15, 2013. Verified Compl. ¶¶ 66-67.

9. This morning, July 16, 2013, the *Lexington Herald-Leader* ran another of Plaintiff Rosemond's columns in which he is truthfully described as a family psychologist. Another column is scheduled to run the following Tuesday. Verified Compl. ¶¶ 68-69.

10. Defendant members of the Kentucky Board of Examiners of Psychology have their next scheduled meeting this Thursday, July 18, 2013, at which they could initiate legal action against Plaintiff Rosemond for his failure to comply with their demand that he cease offering

parenting advice or describing himself as a psychologist in his newspaper column. Verified Compl. ¶ 70.

11. Because Defendants could take action against Plaintiff Rosemond at any time, Plaintiff Rosemond feels chilled from exercising his First Amendment right to continue publishing his newspaper column to willing readers and to continue accurately describing himself in that column as a family psychologist. Verified Compl. ¶¶ 84-85, 88.

12. Plaintiff Rosemond is likely to succeed on the merits of his First Amendment claims against Defendants because the First Amendment protects both advice and the truthful communication of one's actual credentials. The First Amendment is also deeply concerned with freedom of the press.

13. Because Plaintiff Rosemond is likely to succeed on the merits of his First Amendment claims, the remaining factors for injunctive relief tilt decisively in his favor.

14. Without injunctive relief, Plaintiff Rosemond will suffer irreparable harm, because the chilling of speech is per se irreparable harm.

15. An injunction will not substantially injure others, because it will not compel the Board to take any action or obligate any resources, and because the Board has no legitimate interest in the continued operation of an unconstitutional law. It would simply preserve the status quo as it has been for the 37 years that Plaintiff Rosemond has published his column.

16. An injunction is in the public interest because it will permit Plaintiff Rosemond to exercise his fundamental right to free speech, thereby contributing to the marketplace of ideas.

17. Counsel for Plaintiff Rosemond certifies here that they have given actual notice of this motion to Defendants. Specifically, earlier today, before filing Plaintiff Rosemond's complaint or this motion, counsel for Plaintiff Rosemond informed Assistant Attorney General

Brian T. Judy of this motion by telephone. Assistant Attorney General Judy serves as general counsel to the Board of Examiners of Psychology and signed the cease-and-desist letter sent to Plaintiff Rosemond.

18. Plaintiff's counsel further certifies that, immediately following this filing, Plaintiff's counsel will email courtesy copies of the file-stamped complaint, this motion, and its supporting memorandum of law to Assistant Attorney General Judy.

Plaintiff requests that the Court waive the bond requirement under Federal Rule of Civil Procedure 65(c) because this is a public-interest lawsuit and neither a temporary restraining order nor a preliminary injunction present any monetary risk to Defendants.

Dated: July 16, 2013

Respectfully Submitted,

INSTITUTE FOR JUSTICE
Jeff Rowes*
Paul Sherman*
901 North Glebe Road, Suite 900
Arlington, VA 22203-1854
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: jrowes@ij.org; psherman@ij.org
*Motions for admission *pro hac vice* pending
*Attorneys for Plaintiff*

/s/ Richard A. Brueggemann
Richard A. Brueggemann (90619)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Ft. Mitchell, Kentucky 41017
Phone: (859) 578-3855
Fax: (859) 578-3869
rbrueggemann@hemmerlaw.com
*Local Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 16th day of July, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was dispatched to a third-party process server for service to the following Defendants:

Jack Conway
Attorney General of Kentucky
Office of the Attorney General
Capitol Suite 118
700 Capitol Avenue
Frankfort, Kentucky 40601-3449

Eva Markham
Chair of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

Owen T. Nichols
Vice Chair of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

Thomas W. Miller
Member of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

Melissa F. Hall
Member of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

Sally L. Brenzel
Member of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118


700 Capital Avenue
Frankfort, KY 40601

William G. Elder Jr.
Member of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

Stanley A. Bittman
Member of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

Paula Glasford
Member of the Kentucky Board of Examiners of Psychology
Office of the Attorney General
Capitol Building, Suite 118
700 Capital Avenue
Frankfort, KY 40601

/s/ Richard A. Brueggemann
Richard A. Brueggemann (90619)
HEMMER DEFRANK PLLC
250 Grandview Drive, Suite 500
Ft. Mitchell, Kentucky 41017
Phone: (859) 578-3855
Fax: (859) 578-3869
rbrueggemann@hemmerlaw.com

*Local Counsel for Plaintiff*